UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV55-EHJ

LARRY BARNES                                                                                              PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                   DEFENDANT

### MEMORANDUM OPINION

This case is before the Court upon the defendant Commissioner's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the case should be remanded for payment.

Mr. Barnes filed an application for SSI benefits on June 7, 2002 alleging that he became disabled on May 20, 2002 as a result of lupus, HTW, back trouble, pain and joint stiffness, sleeplessness, depression and hiatal hernia (Tr. 75). After a hearing on September 11, 2003, Administrative Law Judge Peter Davenport ("ALJ") found that Mr. Barnes has severe impairments of depression, borderline intellectual functioning, a disorder of the muscles/ligaments of the left shoulder, degenerative disc disease, and hypertension (Tr. 30). The ALJ found these conditions to be severe impairments, but they were not deemed to meet or medically equal listed impairments. Though he may not return to his previous relevant work, the ALJ found that Mr. Barnes retains the residual functional capacity to perform some light work.

The magistrate recommendations that this case be remanded to the Commissioner for payment as the claimant's cognitive impairment satisfies the criteria of Listing §12.05C) for mental

retardation, and that the ALJ's findings to the contrary are not supported by substantial evidence. The magistrate's analysis addresses each of the listing requirements of §12.05C):

1) The claimant must suffer from significantly subaverage general intellectual functioning;

2) The cognitive deficiency must result in deficits in adaptive functioning;

3) The evidence must demonstrate or support onset of the impairment before age 22;

4) The claimant must have a valid verbal, performance, or full scale IQ of 60 through 70;

5) The claimant must suffer from a physical or other mental impairment imposing an additional and significant work-related limitation or function.

The Commissioner objects to the magistrate's report, stating that it constitutes a re-weighing of the evidence and arguing that the ALJ's adverse decision was supported by substantial evidence. This Court disagrees with that assessment. It is clear from this Court's review of the record that Mr. Barnes meets each of the listing requirements of §12.05C) and that substantial evidence supports an award of benefits.

This Court is also concerned that its decisions be made consistently from claimant to claimant, and notes that the facts of the present case are almost identical to the case of Powell v. Barnhart, 5:03CV128, a case which we also remanded for payment based upon the claimant meeting the listing elements under §12.05C).

Where the record is fully developed, all essential factual issues have been resolved, and the record adequately establishes entitlement to benefits, remand for further proceedings serves no legitimate purpose, Abbott v. Sullivan, 905 F.2d 918 (6th Cir. 1990). The Court finds that this is one

of those rare cases in which "proof of disability is strong and evidence to the contrary is lacking." Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994).  Accordingly, the Court adopts the magistrate's report in its entirety, and remands the case for calculation and payment of benefits.